UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD HALE,

        Plaintiff,

      v.

CITY OF TUKWILA, a municipal corporation of the State of Washington, et al.,

        Defendants.

CASE NO. C07-307RSM

ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

      This matter is before the Court for consideration of plaintiff's motion for a preliminary injunction. Dkt. # 15. Defendants have opposed the motion, and the memoranda and exhibits have been fully considered by the Court. For the reasons set forth below, the Court shall DENY plaintiff's motion.

FACTUAL BACKGROUND

      Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, alleging that his Fourth and Fourteenth Amendment rights under the United States Constitution have been violated by defendants' code enforcement activities. Plaintiff asserts that Tukwila police officers traveled down his private driveway and entered upon his private property to photograph outbuildings (a shed and a mobile home) on his property. Complaint, ¶3.2, 3.3. The City of Tukwila ("City") then initiated a code enforcement action against plaintiff regarding these outbuildings and several vehicles stored on his property, and ordered plaintiff to submit to an inspection of the buildings. Complaint, ¶¶ 3.4, 3.22. Plaintiff alleges that these and subsequent proceedings violated his Fourth Amendment right to be free of unreasonable searches,

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION - 1

and his Fourteenth Amendment right to due process.   Complaint, ¶¶ 4.2, 4.5.  He asks in this motion that the City of Tukwila be enjoined from citing or prosecuting him for code violations while this case is pending.  Proposed Order of Preliminary Injunction, Dkt. # 15-9.

In response, the City of Tukwila asserts that the driveway in question accesses several residences and is not plaintiff's own private driveway.  The outbuildings photographed by the police and later by a code enforcement officer were in plain view from the driveway and from adjacent property.   Declaration of Darrell Baskin, Dkt. # 17; Declaration of Kathryn Stetson, Dkt. # 18.  The City further asserts that all code violation complaints or notices of violation have been rescinded or withdrawn.  There is thus no basis for an injunction.

## ANALYSIS

The traditional criteria for granting a preliminary injunction are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff: and (4) advancement of the public interest.  *Textile Unlimited, Inc., v. A..BMH Co., Inc.*, 240 F. 3d 781, 786 (9th Cir. 2001); citing *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F. 2d 1197, 1200 (9th Cir. 1980).  A preliminary injunction is not an adjudication on the merits, but a device for preserving the status quo until trial, and for preventing the irreparable loss of rights before judgment.  *Id.*, citing *Sierra On-Line, Inc., v. Phoenix Software, Inc.,* 739 F. 2d 1415, 1422 (9th Cir. 1984).

In this circuit, a party moving for a preliminary injunction may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised, and the balance of hardships tips sharply in the moving party's favor. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F. 2d at 1201.   These two formulations are not separate tests, but represent a sliding scale on which the required degree of irreparable harm increases as the probability of success decreases.  *United States v. Odessa Union Warehouse Co-op*, 833 F. 2d 172, 174 (9th Cir. 1987).

Plaintiff's request for a preliminary injunction, enjoining the City from further code enforcement action, arises from his assertion that his Fourth Amendment rights were violated by the officers'

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION - 2

warrantless entry upon his land to photograph the outbuildings and vehicles. He relies for this contention upon the Ninth Circuit Court of Appeals' ruling in *Connor v. City of Santa Ana*, 897 F. 2d 1487 (9th Cir.); *cert. denied,* 498 U.S. 816 (1990), in which the court held that the City of Santa Ana violated the Fourth Amendment by removing a fence and entering a backyard to remove vehicles which had been declared a nuisance. *Id*. at 1492. The court noted that the warrant requirement of the Fourth Amendment applies to entry onto private land to search for and abate suspected nuisances. *Id*. at 1490; *citing Michigan v. Tyler*, 436 U.S. 499, 504-07 (1978).

There are, however, exceptions. "One such clearly recognized exception to the warrant requirement pertains to the 'open fields' doctrine." *Schneider v. County of San Diego*, 28 F. 3d 89, 91 (9th Cir. 1994). Open fields "do not provide the setting for those intimate activities" that the Fourth Amendment is intended to shelter from government surveillance. *Id*., *quoting Oliver v. United States*, 466 U.S. 170, 179 (1984). Therefore, "any 'asserted expectation of privacy in open fields is not an expectation that society recognizes as reasonable.'" *Id*. "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Zimmerman v. City of Oakland*, 255 F. 3d 734, 740 (9th Cir. 2001); *quoting Maisano v. Welcher*, 940 F. 2d 499, 503 (9th Cir. 1991).

Plaintiff's statement of facts regarding the location from which the photographs of his outbuildings were taken does not establish that he is likely to succeed on the merits of his Fourth Amendment claim. Plaintiff was not present and can only surmise that the photographs were taken "from on or near my property line. To see anything else on my property someone would have to go past the bushes in the near part of the picture, which would mean that they were on my property." Second Affidavit of Richard Hale, Dkt. # 15, Exhibit 12. P. 2. This speculation of plaintiff fails to overcome the sworn statements of the officers who actually took the photographs, that the outbuildings were in open view and they photographed them from outside plaintiff's property boundaries. Declaration of Darrell Baskin, Dkt. # 17; Declaration of Kathryn Stetson, Dkt. # 18. Thus, on the evidence in the record at this time, the Court cannot find that serious questions regarding a Fourth Amendment violation are raised, or that the balance of hardships tips sharply in plaintiff's favor. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F. 2d at 1201.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION - 3

Plaintiff also asserts that the code enforcement officers violated his Fourth Amendment rights by demanding that he submit to an inspection of his property. He contends that he was coerced to consent to a warrantless search. Plaintiff's Reply, p. 3. Plaintiff has offered no authority for his argument that the City cannot lawfully require him to submit to an inspection of his property as a suspected nuisance, given proper notice and process. The Court therefore finds that he has not demonstrated a likelihood of success on the merits of this claim, and is not entitled to a preliminary injunction on this basis.

The Court notes that neither party has addressed the possible application here of the principles of comity and federalism enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). Although the City's code enforcement activities are civil proceedings, they may fall within the realm of legitimate state and local interests protected by *Younger*. The Supreme Court has found that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). As the parties have not themselves raised or addressed the issue, the Court makes no findings on the application of *Younger* at this time, but awaits further discussion as this matter proceeds.

## CONCLUSION

Plaintiff has failed to meet the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised, and the balance of hardships tips sharply in plaintiff's favor. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F. 2d at 1201. Indeed, the Court has serious questions, based on *Younger v. Harris* and its progeny, regarding its power to intervene in the City's code enforcement activities. Accordingly, the motion for a preliminary injunction is DENIED.

DATED this 19th day of September 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE